IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
DAVENPORT DIVISION

| | |
|---|---|
| CHERI DAHLIN, Individually and on Behalf of the Estate of Dean Dahlin, Deceased, | ) Case No. 3:14-cv-00085-SMR-HCA ) ) |
| Plaintiff, | ) ) |
| v. | ) ) |
| ARCHER-DANIELS-MIDLAND COMPANY; LYONDELL CHEMICAL COMPANY; EQUISTAR CHEMICALS, LP; and EQUISTAR GP, LLC; | ) ORDER DENYING MOTION FOR ) SUMMARY JUDGMENT ON ) PUNITIVE DAMAGES ) ) |
| Defendants. | ) ) |
| ARCHER-DANIELS-MIDLAND COMPANY, | ) ) ) |
| Cross-Claimant, | ) ) |
| v. | ) ) |
| LYONDELL CHEMICAL COMPANY; EQUISTAR CHEMICALS, LP; and EQUISTAR GP, LLC; | ) ) ) ) |
| Cross-Defendants. | ) |

On November 2, 2015, Defendants Lyondell Chemical Company; Equistar Chemicals, LP; and Equistar GP, LLC's (collectively "Defendants") filed a Motion for Partial Summary Judgment on Punitive Damages ("Motion") and requested oral argument on this Motion. [ECF No. 188]. Plaintiff Cheri Dahlin resisted, [ECF No. 209], and Defendants replied, [ECF No. 219]. Oral argument was held January 28, 2016. [ECF No. 266]. For the reasons set forth below, the Court denies the Motion.

I. APPLICABLE STANDARD

Familiar standards govern summary judgment motions. "Summary judgment is proper if there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law." *Paulino v. Chartis Claims, Inc.*, 774 F.3d 1161, 1163 (8th Cir. 2014); Fed. R. Civ. P. 56(a). The moving party bears the burden of demonstrating there are no genuine issues of material fact. *Gibson v. Geithner*, 776 F.3d 536, 539 (8th Cir. 2015). Federal Rule of Civil Procedure 56 requires "[a] party asserting that a fact cannot be or is genuinely disputed" to "support the assertion by":

> (A) [C]iting to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or
>
> (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

Fed. R. Civ. P. 56(c)(1). It additionally states, "The court need consider only the cited materials . . . ." *Id.* 56(c)(3).

The Local Rules further explain the procedures to be followed in moving for summary judgment. The last unnumbered paragraph of Local Rule 56.a directs a movant to file a statement of material facts, with each individual statement of fact "supported by references to those specific pages, paragraphs, or parts of the pleadings, depositions, answers to interrogatories, admissions, exhibits, and affidavits that support the statement, with citations to the appendix." The party resisting summary judgment must respond to the movant's statement of material facts, and also has the responsibility to file a statement of additional material facts if necessary to the resistance. L.R. 56.b. If the resisting party files a statement of material facts, the movant must reply by "expressly admit[ting], den[ying], or qualif[ying] each of the resisting party's numbered

statements of additional fact." *Id.* r. 56.d. Any denial or qualification must be supported by citation to the record. *Id.* "The failure to reply, with appropriate citations to the appendix, . . . constitutes an admission of that fact." *Id.*

With respect to Rule 56, the United States Supreme Court has explained that a movant for summary judgment "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). This obligation is "far from stringent" because it requires only that the movant "points out that the record does not contain a genuine issue of material fact and identifies that part of the record which bears out his assertion." *Handeen v. Lemaire*, 112 F.3d 1339, 1346 (8th Cir. 1997) (internal quotation marks and alterations omitted).

But "[e]ven when the non-movant bears the burden of proof at trial, simply filing a summary judgment motion does not immediately compel the party opposing the motion to come forward with evidence demonstrating material issues of fact as to every element of its case." *Id.* (internal quotation marks omitted); *see also Salahuddin v. Goord*, 467 F.3d 263, 272 (2d Cir. 2006) (noting "the movant may show prima facie entitlement to summary judgment" by "identify[ing] those portions of its opponent's evidence that demonstrate the absence of a genuine issue of material fact, a tactic that requires identifying evidentiary insufficiency and not simply denying the opponent's pleadings"). "Any contrary rule would be fundamentally unfair and would permit a defendant, with very little effort on its own part, to place upon a plaintiff an unwarranted responsibility to substantiate each element of its case or face summary dismissal." *Handeen*, 112 F.3d at 1346–47.

Defendants have failed to meet their initial burden under Rule 56. The argument section of Defendants' Motion does not cite any facts, but merely states the legal standards applicable to punitive damages claims and asserts, "Plaintiff has no evidence to suggest that Defendants' conduct constituted willful and wanton disregard of the rights or safety of another." [ECF No. 188-1 at 3–5]. Defendants' Statement of Material Facts contains only one statement: "Defendants did not willfully and wantonly disregard the rights or safety of another." *Id.* at 8. Defendants do not cite to the record in support of this conclusory statement. *Id.* This is insufficient. *See Ashe v. Corley*, 992 F.2d 540, 543 (5th Cir. 1993) ("It is not enough for the moving party to merely make a conclusory statement that the other party has no evidence to prove his case."); *Windon Third Oil & Gas Drilling Partnership v. Federal Deposit Ins. Corp.*, 805 F.2d 342, 346 n.7 (10th Cir. 1986) ("[C]onclusory assertions to aver the absence of evidence remain insufficient to meet this burden. Otherwise, as Justice Brennan cautioned, summary judgment '[would] be converted into a tool for harassment.'" (citing *Celotex*, 477 U.S. at 332 (Brennan, J. dissenting)).

Plaintiff therefore was not obligated to respond to Defendants' unsupported Motion. *See Nissan Fire & Marine Ins. Co. v. Fritz Cos.*, 210 F.3d 1099, 1102–03 (9th Cir. 2000) ("If a moving party fails to carry its initial burden of production, the nonmoving party has no obligation to produce anything, even if the nonmoving party would have the ultimate burden of persuasion at trial."); *Ashe*, 992 F.2d at 543 ("Before the non-moving party is required to produce evidence in opposition to the motion, the moving party must first satisfy its obligation of demonstrating that there are no factual issues warranting trial." (internal quotation marks and alteration omitted)). Plaintiff nevertheless filed her own Statement of Material Facts, which appropriately cites the record. [ECF No. 209-4]. Compounding the deficiency of their Motion, Defendants do not address Plaintiff's Statement of Material Facts in their Reply. [ECF Nos. 291 through 291-4]. Although

Defendants do counter Plaintiff's version of the facts in the argument section of their Reply, [ECF No. 219], this is untimely and insufficient.

Because Defendants did not satisfy the requirements of Rule 56, the Court analyzes their Motion instead under Rule 12(b)(6). *Handeen*, 112 F.3d at 1347; *Ashe*, 992 F.2d at 544. Rule 12(b)(6) authorizes motions to dismiss for failure to state a claim upon which relief can be granted. To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Braden v. Wal-Mart Stores, Inc.*, 588 F.3d 585, 594 (8th Cir. 2009) (internal quotation marks omitted) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)); *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Though not a "probability requirement," the *Twombly/Iqbal* plausibility standard requires that a plaintiff show "success on the merits is more than a sheer possibility." *Braden*, 588 F.3d at 594 (internal citation and quotation marks omitted). A claim meets the plausibility standard when the court can draw from its factual allegations a reasonable inference of defendant's liability for the alleged misconduct. *Iqbal*, 556 U.S. at 678. A motion to dismiss should be granted "only in the unusual case in which a plaintiff includes allegations that show, on the face of the complaint, that there is some insuperable bar to relief." *Strand v. Diversified Collection Serv., Inc.*, 380 F.3d 316, 317 (8th Cir. 2004) (internal quotations omitted); *accord Benton v. Merrill Lynch & Co.*, 524 F.3d 866, 870 (8th Cir. 2008).

## II.  ANALYSIS

Iowa Code § 668A.1 governs a plaintiff's entitlement to punitive damages. It requires a plaintiff to prove "by a preponderance of clear, convincing, and satisfactory evidence" that the defendant acted with "willful and wanton disregard for the rights or safety of another." Iowa Code § 668A.1(1)(a). "Conduct is willful and wanton when the actor has intentionally done an act of unreasonable character in disregard of a known or obvious risk that was so great as to make it

highly probable that harm would follow, and which thus is usually accompanied by a conscious indifference to the consequences." *Wilson v. Vanden Berg*, 687 N.W.2d 575, 586 (Iowa 2004) (internal quotation marks and alterations omitted). "Stated differently: The acts must manifest a heedless disregard for or indifference to the rights of others in the face of apparent danger or be so obvious the operator should be cognizant of it, especially when the consequences of such actions are such that an injury is a probability rather than a possibility." *Miranda v. Said*, 836 N.W.2d 8, 34 (Iowa 2013) (internal quotation marks omitted).

Punitive damages "punish bad behavior and deter future bad conduct" but "are not available for conduct that is merely objectionable." *Id.* at 34–35 (internal quotation marks omitted). Though "[r]ecklessness may include willfulness or wantonness," Iowa requires "evidence of a persistent course of conduct to show no care with disregard of consequences." *Id.* at 34 (internal quotation marks omitted). This ensures that courts do not "allow[] an inference of recklessness from every negligent act." *Id.* (internal quotation marks omitted). Whether a plaintiff is entitled to punitive damages is typically a question for the jury. *See Sebastian v. Wood*, 66 N.W.2d 841, 845 (Iowa 1954) ("The allowance of such damages is wholly within the function and province of the jury[.]").

Plaintiff's Third Amended Complaint alleges Dean Dahlin ("Dean") was exposed to harmful levels of benzene through his work. [ECF No. 153 ¶ 17]. Plaintiff further asserts that Defendants knew the products Dean worked with were harmful, *id.* ¶ 21(a), but failed to (among other things):

1. Take any precautions or warn Dean of the potential harm, *id.*;
2. provide Dean with proper protective equipment, *id.* ¶ 21(b);
3. keep their premises in a reasonably safe condition, *id.* ¶ 21(g).

Accepting these allegations as true, Plaintiff has sufficiently alleged that Defendants intentionally disregarded a known or obvious risk from which harm was highly probable to follow. Plaintiff has thus stated a plausible claim for punitive damages and Defendants' Motion fails. *See Jackson v. Travelers Ins. Co.*, 26 F. Supp. 2d 1153, 1168 (S.D. Iowa 1998) (denying motion to dismiss punitive damages claim because "[e]ither of [plaintiff's] very general allegations could encompass behavior on the part of Defendants that could be considered 'wanton and wilful' rather than merely objectionable"); *Lovick v. Wil-Rich*, 588 N.W.2d 688, 699 (Iowa 1999) (finding punitive damages properly submitted to jury when defendant "acted indifferently to any need to warn of the potential for danger" despite knowledge of risk); *Haafke v. Mitchell*, 347 N.W.2d 381, 389–90 (Iowa 1984), *overruled on other grounds by Gail v. Clark*, 410 N.W.2d 662 (Iowa 1987) (denying motion to dismiss punitive damages claim; commenting, "[w]e must take these allegations, which amount to allegations of legal malice, at face value for purposes of a motion to dismiss"); *cf. Underhill v. Coleman Co.*, No. 12-CV-129-JPG, 2013 WL 322438, at *2 (S.D. Ill. Jan. 28, 2013) (unpublished case) ("Here, Underhill alleged in Count VI that '[Coleman]'s conduct manifests a knowing and reckless indifference toward, and a disregard of, the rights of others.' These allegations are consistent with Illinois' punitive damages law. Thus, Underhill has made appropriate allegations that, if true, would support an award of punitive damages.").

### III. CONCLUSION

Defendants Lyondell Chemical Company; Equistar Chemicals, LP; and Equistar GP, LLC's Motion for Partial Summary Judgment on Punitive Damages, [ECF No. 188], is DENIED.

IT IS SO ORDERED.

Dated this 4th day of February, 2016.

_____
STEPHANIE M. ROSE, JUDGE
UNITED STATES DISTRICT COURT